# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

NEWREZ LLC d/b/a SHELLLPOINT MORTGAGE SERVICING,

    Plaintiff,

v.

STACI-ANNETTE VARNUM,

    Defendant.

_____/

Case No.: 8:25-CV-02421-WFG-LSG

## MOTION FOR REMAND

Plaintiff, NEWREZ LLC d/b/a SHELLLPOINT MORTGAGE SERVICING, ("Plaintiff"), by and through undersigned counsel and pursuant to 28 U.S.C. §1447(c) hereby moves this Court to remand this action back to the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida, and in support thereof states:

## RELIEF REQUESTED

1.    Plaintiff respectfully requests this Court to remand this action back to the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida. Defendant Staci-Annette Varnum's ("Defendant") Notice of Removal is improper because the Notice of Removal does not invoke this Court's jurisdiction.

## FACTUAL BACKGROUND

2.    On February 12, 2024, Plaintiff filed a one count action to foreclose a mortgage on real property located in Pasco County, Florida ("State Court Foreclosure Action").

3.    Defendant Staci-Annette Varnum failed to timely respond to the Verified Complaint. As such, a Clerk's Default was entered against her April 4, 2024.

4.  Although Defendant Staci-Annette Varnum did participate in a mediation that resulted in an impasse, she never filed a response of any kind to the Plaintiff's Complaint. The Clerk's Default entered against Defendant was never vacated.

5.  On June 7, 2024, the hearing on Plaintiff's Motion for Summary Judgment took place. Defendant was present at the hearing. Circuit Court Judge Susan Barthle granted Plaintiff's Motion for Summary Judgment and granted a ninety (90) day sale date.

6.  The Uniform Final Judgment of Foreclosure in Plaintiff's favor was entered on June 13, 2024. The foreclosure sale was set for September 10, 2024.

7.  Defendant Staci Annette Varnum did not file a timely appeal of the Uniform Final Judgment of Foreclosure dated June 13, 2024. Defendant Staci Annette Varnum has not filed any Motion for Rehearing of the Uniform Final Judgment of Foreclosure dated June 13, 2024.

8.  The foreclosure sale set for September 10, 2024 was cancelled due to the Ch. 7 Bankruptcy filing by Defendant Staci Annette Varnum in Case #8:24-bk-05366-CPM.

9.  Defendant's Ch. 7 Bankruptcy was dismissed by Court Order dated October 3, 2024 for failure to file all schedules as required and failure to file a Statement of Monthly Income.

10.  On November 11, 2024, Plaintiff filed a Motion to Reschedule the foreclosure sale.

11.  On January 2, 2025, the state court entered an Order resetting the foreclosure sale for January 29, 2025.

12.  Plaintiff then filed a Motion to Cancel the January 29, 2025 Foreclosure Sale which was granted.

13.  Plaintiff then filed a Motion to Reset Sale which was granted by Court Order dated June 4, 2025. The foreclosure sale was reset for July 10, 2025.

14.  Plaintiff then filed another Motion to Cancel Sale which was granted by Court Order dated July 8, 2025.

15. Plaintiff then filed a Motion to Reset Sale which was granted by Court Order dated August 11, 2025. The foreclosure sale was reset for September 9, 2025.

16. On September 9, 2025 and prior to the scheduled foreclosure sale, Defendant filed her Emergency Notice of Removal and Verified Motion to Stay Foreclosure Sale.

17. Defendant's attempt to remove this case to Federal Court is in response to the foreclosure sale being set for September 9, 2025. Presumably, Defendant considers removal as her last resort to delay the foreclosure sale after the dismissal of her Chapter 7 Bankruptcy and multiple sale cancellations over the last year.

18. However, removal is simply not appropriate given the posture of this case. As such, Plaintiff's Motion for Remand must be granted.

## MEMORANDUM OF LAW

### *The Defendants' Notice of Removal does not Establish Federal Jurisdiction*

19. The Defendant's Notice of Removal fails to establish how this Court possesses jurisdiction. "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). "Any doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008) (*citing Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)).

20. "The existence of federal jurisdiction is tested at the time of removal." *Adventure*, 552 F.3d at 1294-95 (*citing Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1332 (11th Cir. 1998)). "Jurisdiction is determined by looking to the face of the plaintiff['s] well-pleaded complaint, so we examine the plaintiff['s] original complaint[] entered at the time of removal." *Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011). "Thus, to meet [his] burden, the

defendant[] must show that the plaintiff['s] complaint, as it existed at the time of removal, provides an adequate basis for the exercise of federal jurisdiction." *Adventure*, 552 F.3d at 1295.

21. Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[T]he vast majority of cases that fall within such federal-question jurisdiction are cases that arise under federal law that creates a cause of action[.]" *Jairath v. Dyer*, 154 F.3d 1280, 1282 (11th Cir. 1998). "To remove a case from a state court to a federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551, 190 L. Ed. 2d 495 (2014) (quoting 28 U.S.C. § 1446(a)).

22. ***Removal of a Final Judgment.*** First, the state court has already entered a final judgment against Defendants in the State Court Foreclosure Action that Defendant is attempting to remove. "A case may be removed only if it remains pending in the state court from which it was removed. Once a final judgment is entered and the time to appeal has expired, the action has concluded and is no longer subject to removal." *America Asset Mgmt., LLC v. NLG, LLC*, No. 18-cv-23259, 2020 WL 13349076, at *2 (S.D. Fla. Oct. 23, 2020) (quotation marks and citation omitted).

23. Defendant also failed to timely appeal the final judgment. Thus, "nothing remain[s] for the state court to do but execute the judgment." *Id.* (citation omitted; alteration added); (*see also* Notice 19–21). Execution of a state-court final judgment does not vest the Court with jurisdiction. *See America Asset Mgmt., LLC*, 2020 WL 13349076, at *2. Therefore, the Court lacks subject-matter jurisdiction. *See id.*

24. ***No Federal Question***. Defendant argues that the foreclosed mortgage was void ab initio because it is a contract founded in fraud. She argues that the foreclosed mortgage is

fraudulent because "Congress through the Federal Reserve Act of 1913, the Banking Act of 1933 (Glass-Steagall), and the Garn-St. Germain Depository Institutions Act of 1982 never authorized foreign loan servicers such as Shellpoint [Plaintiff] to lend to or foreclose upon private citizens within the several states of the Union." This argument is simply not correct.

25. First and foremost, at all times material, Plaintiff has been a Delaware limited liability company lawfully doing business in the State of Florida. As such, the foreclosed mortgage is not a contract founded in fraud. Plaintiff had and has the authority to foreclose the subject mortgage and proceed with the sale.

26. Next, Defendant failed to cite to any specific provisions of the various federal statutes cited that supports her contention that Plaintiff, as a foreign loan servicer, is not authorized to foreclose the subject mortgage.

27. Finally, Defendant claims that Circuit Court Judge Susan G. Barthle "manipulated the state court system to cover her own misconduct and to shield this matter from federal scrutiny, including but not limited to invoking an expired FEMA moratorium as a pretext, entering on-sided stipulations solely against the Defendant, and issuing denials without proper hearing or service."

28. In reality, Judge Barthle granted Defendant a ninety (90) day extended sale date despite the fact the Defendant was defaulted by the Clerk and failed to file any written opposition to the Plaintiff's Motion for Summary Judgment. Thereafter, Judge Barthle signed several Motions to Cancel and Reset Sale all of which provided the Defendant with more time to remain in the subject property. Clearly, Judge Barthle's conduct is not a valid basis for removal.

## CONCLUSION

29.     Based on the foregoing, Plaintiff respectfully requests that this Court find no basis for federal jurisdiction and remand the Foreclosure Action to state court to allow the foreclosure sale to be reset.

**WHEREFORE**, Plaintiff, NEWREZ LLC d/b/a SHELLLPOINT MORTGAGE SERVICING, respectfully requests this Court to remand this case back to the State Court to allow the foreclosure sale to be reset, together with awarding Plaintiff any such further relief this Court deems proper and just.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 11, 2025 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF which will send electronic notice to all counsel for record.  I further certify that a copy of the foregoing was mailed to Staci-Annette Varnum, 30148 Clearview Drive, Wesley Chapel, FL 33545.

By: _____
Greg H. Rosenthal
Florida Bar No.:  955884
Roy Diaz, Attorney of Record
Florida Bar No. 767700
Diaz Anselmo & Associates, P.A.
Attorneys for Plaintiff
499 NW 70th Ave., Suite 309
Fort Lauderdale, FL 33317
Telephone: (954) 564-0071
Primary Email: gronsenthal@shdlegalgroup.com
Secondary Email: dlopez@shdlegalgroup.com