IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING,
   Plaintiff,


v.

SEP 19 2025 PM 1:37
FILED - USDC - FLMD - TPA

STACI-ANNETTE: VARNUM,
Authorized Representative & Beneficiary for STACI ANNETTE VARNUM
and the Estate of Curtis Neil Varnum,
   Defendant.


Case No.: 8:25-cv-02421-WFJ-LSG
Cross-Reference: 8:25-mc-38-KKM-TGW
Lower Tribunal No.: 2024-CA-000380-CAAXES (Pasco County, Florida)


## DEFENDANT'S EMERGENCY OBJECTION TO PLAINTIFF'S MOTION TO REMAND

### I. INTRODUCTION

1. COMES NOW Defendant, Staci-Annette: Varnum, by special appearance, sui juris, as the Authorized Representative & Beneficiary for STACI ANNETTE VARNUM and the Estate of Curtis Neil Varnum, and respectfully submits this Emergency Objection to Plaintiff's Motion to Remand. Federal jurisdiction is proper under multiple grounds including fraud upon the court, constitutional violations, statutory protections, and ongoing misconduct in the lower tribunal.

### II. FRAUD AND JURISDICTION CAN BE RAISED ANYTIME

2. Fraud and jurisdictional defects vitiate any judgment and may be raised at any stage of proceedings. See United States v. Throckmorton, 98 U.S. 61

(1878); Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944). Federal Rule of Civil Procedure 60(d)(3) and (4) confirms that judgments obtained through fraud or rendered without jurisdiction are void ab initio.

## III. MISREPRESENTATION OF FEMA MORATORIUM

3. Plaintiff misrepresented in its Motion to Remand that the FEMA moratorium applied to the first sale, portraying Judge Barthle as lenient. In truth, the FEMA moratorium was invoked on July 8, 2025 to cancel the July 10 sale, the very day it expired. This was not leniency but a tactic to avoid federal scrutiny after Defendant filed emergency motions which were denied in less than 24 hours with only 8 handwritten words.

## IV. DUE PROCESS VIOLATIONS

4. Defendant was never properly served with the initial complaint, final judgment hearing, or subsequent sale resets. Shellpoint's counsel falsely certified non-participation in mediation when mediation had not yet occurred, violating fundamental due process rights under the Fifth and Fourteenth Amendments.

## V. PLAINTIFF LACKS STANDING

5. Shellpoint is a loan servicer, not a lender. Congress has never granted loan servicers authority to extend credit to private citizens of the several States of the Union for residential property. They lack depository or lending powers under the Federal Reserve Act, the Banking Act, and the St. Germain Act. Assignments recorded in 2022 were robo-signed, unnotarized, and defective. No wet-ink promissory note has been produced. No chain of title shown, and or evidence of Shellpoint showing any consideration, dollar for dollar purchase of alleged debt. Shellpoint has never been granted the authority to foreclose or utilize state statutes to foreclose by Congress. Plantiff claims to be the note holder as well as the SERVICER for the note holder in their initial complaint. They themselves have presented conflicting standing, while never divulging whom they are a servicer for. There has never been full transparency from Plantiff.

## VI. EQUITABLE RIGHTS AND BENEFICIARY STATUS

6. Defendant is the equitable owner and natural title beneficiary by inheritance from her grandmother and as beneficiary of her deceased husband's estate, Curtis Neil Varnum. Florida law recognizes such equitable title. See Dubonnet's Estate v. Dubonnet, 103 So.2d 347 (Fla. 1958). All correspondence has been addressed only to the Estate of Curtis Neil Varnum, confirming Plaintiff has no contract with Defendant.

## VII. CONSTITUTIONAL AND STATUTORY VIOLATIONS

7. Plaintiff and the lower court engaged in conduct violating the U.S. Constitution, including the Fifth and Fourteenth Amendments (due process and equal protection) and the Supremacy Clause. Federal statutes violated include 18 U.S.C. §§ 241, 242 (conspiracy and deprivation of rights), 18 U.S.C. §§ 1341, 1343 (mail and wire fraud), and 18 U.S.C. §§ 1961–1968 (RICO). Plaintiff also violated consumer protection statutes such as RESPA and TILA, and commercial protections under UCC §§ 2-302, 3-305, and 9-210. Plantiff also violated FHA/HUD regulations, filing foreclosure while Defendant was in active loss mitigation, no face to face interview was conducted or 30 day notice to cure, or notice of escalation. Plantiff also denied taking payment from Defendant pushing her into the 120 day default, violating FHA/Hud rules also.

## VIII. RISK OF RETALIATION & NECESSITY OF FEDERAL JURISDICTION

7. Due to repeated judicial misconduct, bias, and deprivation of rights in the lower courts, Defendant has lost all faith in the state forum. There is legitimate fear of retaliation if this case is remanded. Federal jurisdiction is not only proper but absolutely necessary to preserve due process, constitutional protections, and the integrity of justice itself.

## VIII-A. PENDING STATE SALE & BIDDER'S MOTION

8. Following the September 9, 2025 foreclosure auction, the high bidder defaulted on payment. The bidder has since filed a motion requesting the Court accept his late payment, citing that he was a first-time bidder unfamiliar with auction procedures, and has requested a hearing on that motion. This matter remains pending in the state docket.

This development underscores the emergent nature of these proceedings and the necessity for federal jurisdiction to prevent further unlawful transfer of title and deprivation of Defendant's equitable rights. Absent federal intervention, Defendant faces irreparable harm through loss of her family home based on a void and fraudulent judgment.

## IX. PRAYER FOR RELIEF

9. WHEREFORE, Defendant respectfully prays that this Honorable Court deny Plaintiff's Motion to Remand, retain jurisdiction over this matter, grant all appropriate relief including sanctions against Plaintiff for fraud upon the court, and provide any further relief deemed just and proper.

Respectfully submitted,

*Staci-Annette: Varnum*

Staci-Annette: Varnum
Authorized Representative & Beneficiary for STACI ANNETTE VARNUM and the Estate of Curtis Neil Varnum
UCC 1-308 – All rights reserved without prejudice. Void where prohibited. If at any time in the past I have unknowingly or inadvertently waived or lessened my standing by an unknown contract, please forgive my error. Such would be an unconscionable contract or clause in violation of UCC 2-302.

30148 Clearview Drive
Wesley Chapel, FL 33545
813-629-5411
stayuf@gmail.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail and/or email to Diaz & Associates, counsel for Plaintiff, this 17th day of September, 2025.

Staci-Annette: Varnum