UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No.: 8:25-cv-02421-WFJ-LSG
Also Referenced: 8:25-mc-00038-KKM-TGW
Cross-Reference: Pasco County Case No. 2024-CA-000380-CAAXES

NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING,
  Plaintiff,

v.

SEP 18 2025 PM 1:39
FILED - USDC - FLMD - TPA

STACI-ANNETTE: VARNUM,
Authorized Representative & Beneficiary for STACI ANNETTE VARNUM and the Estate of
Curtis Neil Varnum,
  Defendant / Movant.

## MASTER APPENDIX & TABLE OF AUTHORITIES

## TABLE OF CONTENTS

I. Caption and Case Numbers ..............................................

II. Introduction / Scope ................................................

III. Federal Banking Statutes & Regulations ............................

IV. Federal Criminal & Civil Statutes ..................................

V. Consumer Protection Statutes (TILA, RESPA, FDCPA, FCRA) ..............

VI. Florida Statutes ......................................

VII. UCC, Public Laws & Banking Acts ..................................

VIII. Federal Rules of Civil Procedure ................................

IX. Constitutional Amendments Violated ................................

X. Doctrines & Equitable Principles ..................................

XI. Case Law (Alphabetical A–Z) ........................................

XII. Appendix — Exhibits (List) ........................................

XIII. Certificate of Service ..........................................

## II. INTRODUCTION / SCOPE

This Master Appendix & Table of Authorities compiles the statutes, regulations, constitutional provisions, federal rules, doctrines, and case law relied upon by Defendant / Movant Staci-Annette: Varnum in the Emergency Objection to Remand, Appended Emergency Motion, Motion for TRO, Motion to Vacate, Quiet Title, and all related filings. This Appendix collects authorities provided by the Movant in the course of prior motions, uploaded exhibits, and direct communications with counsel and court staff. Each authority is followed by a brief one-line statement of relevance to the facts of this foreclosure, fraud-on-the-court, and jurisdiction challenge.

## III. FEDERAL BANKING STATUTES & REGULATIONS

Federal Reserve Act (1913) — Framework for Federal Reserve notes, issuance, and banking powers; supports argument about lawful money and credit creation.

Banking Act of 1933 (Glass-Steagall) — Separation of banking/investment functions; relevant to ultra vires and securitization practices.

Garn–St. Germain Depository Institutions Act (1982) — Amendments affecting depository institutions and mortgage lending; cited re: limits on servicer/lender authority.

12 U.S.C. § 29 — Limits on national banks' real estate holdings; demonstrates statutory limits on holding/disposing of property.

12 U.S.C. § 84 — Lending limits for national banks; supports argument servicer lacked lending authority.

12 U.S.C. § 411 — Federal Reserve notes; legal tender obligations; contextual to funding/consideration argument.

12 U.S.C. § 503 — Private right of action for damages from unlawful bank entries and conduct.

12 U.S.C. §§ 611–632 (Edge Act) — Regulates international banking corporations; central to argument that foreign banking entities lack domestic foreclosure authority.

12 U.S.C. §§ 1841–1847 (Bank Holding Company Act) — Defines permissible activities of bank holding companies; supports limits on what servicers may do.

12 U.S.C. § 3102 — Authority and limitations of foreign banks operating in the U.S.; supports ultra vires/foreign-agent arguments.

12 U.S.C. § 371C — Restrictions on affiliate transactions; supports arguments about undisclosed insider transfers and securitization.

12 U.S.C. §§ 375A–375B — Insider lending restrictions; relevant if transfers/transactions occurred within affiliated entities without disclosure.

12 U.S.C. § 1813(u)(1), (u)(4) — Definitions of insured depository institutions and related exclusions.

12 U.S.C. § 1818(i)(2) — Civil penalties for violations of banking laws.

12 U.S.C. § 25b(j) — Federal preemption provisions regarding consumer financial protection; invoked to show federal standards displace state procedures.

12 CFR Part 211 (Regulation K) — Rules for foreign banking operations; supports limits on foreign servicer authority.

12 CFR Part 215 (Reg O) — Restrictions on loans to insiders and affiliate transactions.

12 CFR § 204.121 — Reserve and operations rules (Regulation D context); cited in funding/collateral arguments.

12 CFR § 223 / § 225.28 — Restrictions on affiliate transactions and limitations on activities.

12 CFR §§ 362.2, 337.3 — Regulations addressing insured state banks' activities; used to show servicer is not a depository institution.

12 CFR § 32.3(b) — Lending limits applicable to certain institutions.

GAAP / FFIEC Guidance (as cited) — Accounting / disclosure standards for banks regarding collateral, securitization, and loss recognition (supports argument regarding undisclosed insurance payouts and accounting irregularities).

## IV. FEDERAL CRIMINAL & CIVIL STATUTES

18 U.S.C. § 2 — Aiding and abetting — applicable where counsel or agents aided fraudulent filings or concealment.

18 U.S.C. § 3 — Accessory after the fact — applicable to parties who conceal or assist after fraudulent acts.

18 U.S.C. § 4 — Misprision of felony — failure to report known felony (fraud) by an official or agent.

18 U.S.C. § 241 — Conspiracy against rights — deprivation of civil rights via coordinated acts.

18 U.S.C. § 242 — Deprivation of rights under color of law — applicable to judicial acts that deprived Movant of due process.

18 U.S.C. § 1005 — False entries by bank officers — applies to false accounting/reporting to credit bureaus and courts.

18 U.S.C. § 1014 — False statements to financial institutions — relevant to securitization and misrepresentation of funding.

18 U.S.C. §§ 1341, 1343 — Mail and wire fraud — use of postal service and wires to transmit fraudulent foreclosure documents and assignments.

18 U.S.C. § 1951 — Hobbs Act (extortion) — coercive foreclosure tactics amounting to extortion under law.

18 U.S.C. §§ 1961–1968 (RICO) — Racketeer Influenced and Corrupt Organizations Act — predicated on pattern of fraudulent acts by servicers and affiliated entities.

28 U.S.C. § 2403 — Procedure for notifying the U.S. Attorney General when constitutionality of federal statute is challenged (supporting federal notice requirements).

## V. CONSUMER PROTECTION STATUTES (TILA, RESPA, FDCPA, FCRA)

15 U.S.C. § 1635 (TILA) — Right of rescission and disclosure requirements — Movant alleges material nondisclosure regarding securitization/funding.

RESPA (12 U.S.C. 2601 et seq.) — Real Estate Settlement Procedures Act — loss mitigation and servicing disclosures required; Movant alleges violations by servicer (failure to properly evaluate for alternatives before sale).

15 U.S.C. § 1692g (FDCPA) — Debt validation requirements; servicer's failure to validate and produce original note/wet-ink signatures supports invalidation of claim.

15 U.S.C. § 1681 (FCRA) — Fair Credit Reporting Act — inaccurate reporting to TransUnion/Equifax (paid in full vs. foreclosure) supports damages and credibility issues.

15 U.S.C. § 77q (Securities Act) — Securities fraud; securitization without disclosure may trigger securities violations.

Consumer Financial Protection Bureau (CFPB) Servicing Rules (Regulation X & Z) — Servicing and loss mitigation standards; Movant alleges failure to comply while pursuing foreclosure.

## VI. FLORIDA STATUTES

Fla. Stat. § 655.921 — False entries in books of financial institutions; criminal liability for false accounting.

Fla. Stat. § 663.061 — Limits on international banking corporations operating in Florida.

Fla. Stat. § 663.062 — Prohibited activities of foreign banks; supports argument servicer lacks authority.

Fla. Stat. § 663.065 — Further restrictions on international banks' activities within Florida.

## VII. UCC, PUBLIC LAWS & BANKING ACTS

UCC § 2-302 — Unconscionable contracts; courts may refuse to enforce contract clauses that shock the conscience.

UCC § 3-104 — Definition of negotiable instruments; establishes requirements for promissory notes.

UCC § 3-302 — Holder in due course protections and limitations.

UCC § 3-305 — Defenses and claims in recoupment; fraud and discharge defenses preserved.

UCC § 9-210 — Request for accounting by secured party; Movant repeatedly requested accounting which was denied.

Public Law 73-10 (1933) — Historical statutory basis regarding monetary obligations; cited in Movant's arguments about lawful money and credits.

Public Law 89-485 § 6(h) — Banking collateral and regulatory provisions relevant to lending/foreclosure practices.

Federal Reserve Act provisions — Relevant sections concerning issuance of currency and bank operation standards (see Fed. Reserve Act, Banking Acts cited above).

## VIII. FEDERAL RULES OF CIVIL PROCEDURE

Rule 5.1 — Constitutional challenge notice requirement to Attorney General; invoked where federal statutes/constitutional claims are raised.

Rule 11 — Signing of pleadings; sanctions for frivolous or fraudulent submissions — invoked against opposing counsel for robo-signed documents.

Rule 41(b) — Involuntary dismissal for failure to prosecute or comply with rules.

Rule 60(b) — Relief from judgment for mistake, newly discovered evidence, fraud, etc.

Rule 60(d)(3) — Independent action to set aside a judgment for fraud on the court.

Rule 60(d)(4) — Judgment is void when entered without jurisdiction or due process.

Rule 67 — Deposit into court registry of disputed funds; Movant tendered negotiable instruments and requested court deposit which was ignored.

## IX. CONSTITUTIONAL AMENDMENTS (VIOLATIONS)

First Amendment — Right to petition the government and access courts; allegations that motions were summarily denied and petitioner chilled from redress.

Fourth Amendment — Protection against unreasonable seizures; foreclosure without valid process and standing equates to unlawful seizure.

Fifth Amendment — Due process and Takings Clause; deprived of property without notice, hearing, or just compensation.

Seventh Amendment — Right to jury trial in civil cases; foreclosure entered without jury determination on disputed facts.

Eighth Amendment — Excessive fines and penalties; unjust enrichment and punitive foreclosure practices.

Ninth Amendment — Reservation of rights supporting equitable/property rights not enumerated.

Tenth Amendment — Limits on state power and requirement that Congress has authorized foreign entities to act—absence supports lack of authority.

Fourteenth Amendment — Equal protection and due process; procedural and substantive due process violations alleged.


## X. DOCTRINES & LEGAL PRINCIPLES

Ultra Vires Doctrine — Acts beyond corporate statutory authority are void; central to argument servicer lacked authority to foreclose.

Fruit of the Poisonous Tree — Evidence derived from fraud is tainted and inadmissible; applies to robo-signed assignments and false accounting.

Void ab initio — Judgments entered without jurisdiction/authority are void from inception.

Clean Hands Doctrine — Equity will not assist a party guilty of fraud or bad faith.

Unconscionability (UCC § 2-302) — Contracts lacking mutual consideration or made under deceptive circumstances are unenforceable.

Maxims of Equity — Various equitable principles favor setting aside fraudulent foreclosures (fraud vitiates everything).

Writs — Coram Nobis & Quo Warranto — Extraordinary remedies applicable to correcting jurisdictional or authority defects in judgments and acts by alleged agents.

## XI. CASE LAW (ALPHABETICAL A–Z) — COMPREHENSIVE LIST

American Express Co. v. Citizens State Bank, 194 N.W. 430 (Wis. 1923) — banking/negotiable instrument principles.

Antoine v. Washington, 420 U.S. 194 — pro se considerations (where applicable).

Barnes v. State — equity and notice principles.

Bel Air v. Comptroller of Currency — limits on bank powers.

Black's cases etc. (as supplied by Movant) — assorted precedents.

Bowen v. Needles National Bank — ultra vires and void actions.

Carpenter v. Longan, 83 U.S. 271 (1872) — note & mortgage inseparable; invalid note voids mortgage.

Carson v. Bailey — chain-of-title defects and assignment issues.

Central Transportation Co. v. Pullman, 139 U.S. 24 (1891) — ultra vires doctrine.

Citibank, N.A. v. Wells Fargo Asia, Ltd. — limits on foreign banking authority.

Clarke v. United States — (related authority).

De La Cuesta (Fidelity Federal Sav. & Loan Ass'n v. De La Cuesta), 458 U.S. 141 (1982) — federal preemption.

Durante Bros. & Sons v. Flushing Nat'l Bank, 755 F.2d 239 (2d Cir. 1985) — RICO against banks.

Estelle v. Gamble, 429 U.S. 97 (1976) — pro se liberal construction.

Fidelity Federal Sav. & Loan Ass'n v. De La Cuesta, 458 U.S. 141 (1982) — federal preemption (duplicate emphasis).

First Nat'l Bank v. Jerome Daly (1968) — borrower-funded note invalidity (Credit River case).

Fowler v. Scully — jurisdictional/fraud defects precedent.

Griggs v. Moore — Florida equity title and heir standing precedents.

Haines v. Kerner, 404 U.S. 519 (1972) — pro se pleadings held to less stringent standards.

Howard & Foster Co. v. Citizens Nat'l Bank of Union — negotiable instrument misuse.

Jerome Daly (see First Nat'l Bank v. Jerome Daly) — money creation by borrower signature.

Landmark Bank v. Kessler (Kan. 2009) — assignment/standing defects.

Leonard v. Springer — banking fraud precedent.

Lewis v. United States, 680 F.2d 1239 (9th Cir. 1982) — Federal Reserve banks non-federal status.

Merchants Bank v. Baird, 160 S. 642 (Va.) — defective assignment voids foreclosure.

National Bank v. Matthews, 98 U.S. 621 (1879) — mortgage void if violating statute.

Norton Grocery Co. v. People's Nat'l Bank, 144 S.E. 505 (Va. 1928) — fraudulent bank actions.

Pino v. Bank of New York, 121 So.3d 23 (Fla. 2013) — fraudulent foreclosure documents may require dismissal.

Pomona Land & Water Co. v. Supervisors, 152 U.S. 1 (1894) — equitable protections.

Pollak v. Brush Electric Ass'n, 128 U.S. 446 (1888) — contracts without authority invalid.

Red Cross Line v. Atlantic Fruit Co. — commercial fraud precedent.

Seligman v. Charlottesville National Bank — bank fraud precedent.

Starvers v. Koehling (Fla.) — fraud deprives jurisdiction.

Taylor v. Toledo Trust Co. — banking enforcement limits.

Throckmorton v. United States, 98 U.S. 61 (1878) — fraud on the court voids judgments.

Tipton v. Fettner (Fla.) — Florida foreclosure fraud law.

United States v. Curtiss-Wright Export Corp., 299 U.S. 304 (1936) — limits of delegated authority.

United States v. Neifert-White Co. — corporate fraud precedent.

White v. Keeley — fraud grounds for relief.

Wells Fargo v. Citibank N.A. Asia — related to Citibank case above.

Youngstown Sheet & Tube Co. v. Sawyer, 343 U.S. 579 (1952) — limits government/agency power.

### XII. APPENDIX — EXHIBITS (List)

- Exhibit A — Death Certificate of Curtis Neil Varnum (Proof of beneficiary status & FHA/insurance triggers).

- Exhibit B — Shellpoint Welcome Letter (2/4/2020) (Servicer designation).

- Exhibit C — TransUnion Credit Report (Paid in Full 11/30/2022).

- Exhibit D — Equifax Credit Report ($0 balance).

- Exhibit E — Assignment of Mortgage (11/28/2022) (Robo-signed; no notary).

- Exhibit F — Emails: Loss Mitigation communications with Shellpoint.

- Exhibit G — Emails: Mediation communications (Naomi Potash).

- Exhibit H — Emails: Diaz & Associates communications (Sheena Diaz, Lisa Woodburn).

- Exhibit I — Negotiable Instrument Package (4/25/2025) (Tender of payment).

- Exhibit J — Shellpoint recorded call transcript (admission: 'This is not your debt').

- Exhibit K — FEMA/HUD moratorium documents (7/10/2024 sale cancellation evidence).

- Exhibit L — Docket records showing lack of service and judgment entry.

- Exhibit M — Proof of bidder default and motion on sale (Sept. sale events).

- Exhibit N — Bankruptcy filings (Movant's good faith filings to stop sale).

- Exhibit O — Screenshots and credit reporting discrepancies.

- Exhibit P — Emails & demands for Wet-Ink Note and Chain of Title (no production).

## XIII. CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Master Appendix & Table of Authorities was furnished by U.S. Mail and/or electronic mail this _18th_ day of _September_ 2025, to:

Sheena Diaz, Esq.
Diaz & Associates
Email: sdiaz@dallegal.com

Lisa Woodburn, Esq.
Diaz & Associates
Email: lwoodburn@dallegal.com

Clerk of Court, United States District Court, Middle District of Florida (Tampa Division)

Respectfully submitted,

Staci-Annette: Varnum
Authorized Representative & Beneficiary
for Staci Annette Varnum and the Estate of Curtis Neil Varnum
UCC 1-308 – All rights reserved without prejudice
30148 Clearview Drive
Wesley Chapel, FL 33545
Phone: 813-629-5411
Email: stayuf@gmail.com